# In the United States District Court for the Western District of Texas

| United States of America | § | |
| --- | --- | --- |
| | § | |
| v. | § | SA-09-CR-572-XR |
| | § | |
| Boris Bonilla-Orellana | § | |

### Order

On this day came on to be considered Defendant's motion to dismiss the indictment (doc. no. 20).

The Defendant is charged in a one-count indictment with violating 8 U.S.C. § 1326 by illegally re-entering the United States "having been previously been denied admission, excluded, deported, and removed therefrom on or about July 7, 2006...."

He argues in his motion to dismiss that his "original deportation proceedings failed to meet the minimum standards of due process and cannot be used against him to establish an element of this offense."

### Background

On March 30, 1995, the Defendant was personally served with a show cause order alleging that he was deportable because he entered the United States without inspection. He was ordered to appear before an Immigration

Judge at a future date and location to be provided by the Immigration Judge.[1]

An Immigration Judge held a hearing on October 24, 1995. The Defendant was not present. The Immigration Judge ordered Defendant deported to Honduras[2] in absentia. Apparently some time later Defendant was arrested and, pursuant to the October Order, he was removed from the country on January 18, 2006. He reentered the United States on or about April 6, 2006, was arrested, and served 45 days in jail. His previous deportation order was reinstated administratively by the Border Patrol, and he was deported to El Salvador on July 7, 2006. He immediately reentered the United States.

Defendant argues that he never received notice of the October 1995 hearing and there is no evidence in his A-file of any notice sent. Relying upon *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), Defendant argues that the lack of due process permits this collateral challenge.

The Government responds that the March 1995 show cause order required Defendant to report any changes in his address to the Office of the Immigration Judge. The Government has also furnished a Notice of Hearing dated May 1, 1995. That notice was sent to Defendant at 1805 W. 12th Street, Los Angeles,

---

[1] The Order reads: "Wherefore, you are ordered to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at: Address to be calendered and notice provided by the Office of the Immigration Judge. Notice will be mailed to the address provided by the Respondent."

[2] This Court is uncertain as to the Defendant's citizenship. The Immigration Judge concluded that the Defendant was a citizen of Honduras. In this proceeding it is alleged that the Defendant is a citizen of El Salvador.

California.³ The Notice stated that a hearing was scheduled for October 24, 1995. The Notice was sent by certified mail and it was unclaimed.

## Analysis

This Court concludes that the Defendant was given notice of the October 1995 immigration hearing.⁴ Alternatively, it was incumbent upon the Defendant to apprise the immigration officials of any change in residence. Accordingly, if the notice was sent to an incorrect address, Defendant was the cause of such deficiency. Accordingly, Defendant's collateral attack fails.

In the alternative, assuming the Defendant had failed to receive proper notice, the Government relies upon *U.S. v. Benitez-Villafuerte*, 186 F.3d 651 (5th Cir. 1999) and argues that the motion to dismiss should be denied.

In *Benitez-Villafuerte*, the Fifth Circuit stated:

Under certain circumstances, an alien who is being prosecuted under § 1326 can assert a challenge to the underlying deportation order. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). In order successfully to collaterally attack a deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice. *See United States v. Palacios-Martinez*, 845 F.2d 89, 91 (5th Cir.1988); *Estrada-Trochez*, 66 F.3d at 735; *quoting United States v. Encarnacion-Galvez*, 964 F.2d 402, 406 (5th Cir.1992), *cert. denied*, 506 U.S. 945, 113 S.Ct. 391, 121 L.Ed.2d 299 (1992).

---

³ It is uncertain where this address came from. The March 30, 1995 Order was personally delivered to Defendant at Sarita, Texas.

⁴ The Defendant has not replied to the Government's filing dated October 27, 2009, wherein a copy of the notice was filed.

3

*Benitez-Villafuerte*, 186 F.3d at 658.

The Government argues that Defendant cannot establish that any procedural deficiencies caused him any actual prejudice. The Defendant argues that "at a minimum" he was harmed by "not being afforded the chance to seek a voluntary return to his home country." He also argues that he was harmed by denying him the "opportunity to contest his deportation."

Even if the Defendant did not receive notice of the October 1995 hearing, this Court concludes that Defendant has failed to show that any procedural deficiencies caused him actual prejudice.

The Fifth Circuit in *U.S. v. Lopez-Vasquez*, 227 F.3d 476 (5th Cir. 2000) elaborated on the "actual prejudice" language of *Benitez-Villafuerte*. The Fifth Circuit stated: "In this connection, '[a] showing of prejudice means there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported [or removed].' *Benitez-Villafuerte*, 186 F.3d at 658-59 (*quoting Estrada-Trochez*, 66 F.3d at 735). In short, [i]f the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326.'" *Lopez-Vasquez*, 227 F.3d at 485.

The Defendant had an opportunity to voluntarily return to his home country from March 1995 through January 2006. Defendant's argument that "at a minimum" he was harmed by "not being afforded the chance to seek a voluntary return to his home country" fails to satisfy *Lopez-Vasquez*. With

4

regard to the Defendant's second argument (he was harmed by denial of the "opportunity to contest his deportation"), the Defendant fails to offer any evidence that would suggest that a different result (other than deportation) would have resulted. The mere assertion of conclusory remarks is insufficient for this Court to grant relief.

## Conclusion

Defendant's motion to dismiss the indictment (doc. No. 20) is DENIED.

It is so ORDERED.

SIGNED this 4 day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE